Filed 2/10/23 S.D. v. Superior Court CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| S.D.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF MARIN COUNTY,<br><br>    Respondent;<br><br>MARIN COUNTY HEALTH AND HUMAN SERVICES, et al.,<br><br>    Real Parties in Interest. | A166723<br><br>(Marin County<br>Super. Ct. No. JV27241A) |

    In this writ proceeding, petitioner S.D. (Mother) requests that this court vacate the juvenile court's November 30, 2022, order terminating reunification services and setting a Welfare and Institutions Code section 366.26[1] permanency planning hearing on March 28, 2023. (Cal. Rules of Court, rule 8.452.) She contends insufficient evidence supports the court's finding that Marin County Health and Human Services (Department) provided reasonable services. She also contends she substantially complied with the court-ordered services and there is a substantial probability of

---

    [1] All undesignated section references are to the Welfare and Institutions Code.

1

return of the minor, L.L. (Minor), to her custody. We deny the petition and the request for a stay.

BACKGROUND

Mother placed Minor, born December 2013, in the care of a non-relative adult, K.W., after she suffered a stroke in 2019. On April 16, 2022, an adult male died from a suspected overdose in the home where Minor was residing with K.W. In the home, police officers found, within Minor's reach, a plastic bag containing suspected cocaine or fentanyl, marijuana, concentrated marijuana, and a torch and scale. K.W. was arrested for child endangerment. Minor was removed from K.W.'s home and subsequently formally detained.

On April 20, 2022, the Department filed a section 300 petition (Petition) on behalf of Minor. With respect to Mother, the Petition alleged that she was unable to care for Minor due to medical conditions that restricted her to living in a convalescent facility, and that she placed Minor at risk of harm when she left Minor in K.W.'s care. The Petition also alleged Minor's father's whereabouts were unknown.

According to the Department's April 2022 detention report, Mother had been in her current convalescence facility in Southern California for a year and had previously been in another facility. Mother said her convalescence was due to a 2019 stroke, "but I'm mentally all there." She said an adult son was trying to get a place for her to stay in Northern California. Mother told the Department she was in contact with Minor through video calls, but had not seen him in person for three years.

According to the Department's May 2022 jurisdiction/disposition report, Mother's 2019 stroke was related to methamphetamine use. The social worker reported that Mother had missed a number of virtual meetings with her. When the social worker spoke with Mother on the phone, she claimed

2

her stroke was due to a fall. Mother stated she did not need to remain at the convalescent home and just needed help securing housing in the Bay Area. Mother also expressed a need for therapy. At the time of the report, Mother had participated in three video visits with Minor.

The Department's case plan stated that Mother's service objectives were to "obtain and maintain a stable and suitable residence" for herself and Minor, and to show her ability "to provide adequate care for [Minor's] special needs." Among other things, the plan required Mother to provide contact information for at least two support people, to participate in individual therapy, and to share information with the Department about her ongoing medical needs and treatment.

Mother did not contest jurisdiction. The juvenile court sustained the Petition and adopted the Department's case plan.

In November 2022, the Department filed a six-month status review report recommending that the juvenile court terminate Mother's family reunification services and set a section 366.26 permanency planning hearing. The social worker reported that Mother was still residing in a convalescent facility in Southern California. It had been challenging to communicate with Mother "due to her phone not working properly or not having a proper phone charger," and it had been difficult to obtain "a release of information from her to speak with her facility's staff to get a better understanding of [Mother's] prognosis and connect her to appropriate services."

The social worker traveled to Southern California in August 2022 to meet with Mother in person. The worker got releases of information signed and connected Mother to the San Fernando Mental Health Center to arrange therapy. However, by the time of the November 30, 2022 hearing, Mother still had not engaged in any therapy sessions. During the August trip, the

3

social worker also obtained information about Mother's diagnoses and medications. The social worker received a list from the facility stating that Mother suffered from bipolar disorder, major depressive disorder, panic disorder, and anxiety disorder. The worker was also informed mental health providers were caring for Mother at the facility and she was receiving medications to address her mental health needs.

During the social worker's August 2022 trip, the facility director also "reported that they have helped [Mother] identify a new facility with a lower level of care . . . [but] she has refused to go because she wants to move back to Northern California." Mother continued to report she was receiving support from her stepdaughter and her oldest son to secure housing in Northern California, but there was no evidence of any progress by the time of the November report. Also, Mother missed a month of virtual visits in August and had not identified a support network.

On November 30, 2022, following a contested hearing at which the social worker testified, the juvenile court found reasonable services had been offered, terminated family reunification services, and set the matter for a section 366.26 hearing on March 28, 2023. Mother's petition for writ relief followed.

## DISCUSSION

"When a dependent child is removed from parental custody, the court generally orders services for the family to facilitate its reunification. [Citations.] Reunification services for a parent of a dependent child over the age of three are ordinarily limited to 12 months, but may be extended to the 18-month date. (§ 361.5, subd. (a).) A parent, however, has no entitlement 'to a prescribed minimum period of services.' [Citation.] Instead, the court has discretion to determine whether continued services are in the best

4

interests of the minor, or whether services should be terminated at some point before the applicable statutory period has expired." (*In re Katelynn Y.* (2012) 209 Cal.App.4th 871, 876.) Section 388, subdivision (c)(1)(B) provides that a party may petition the court for termination of reunification services if "[t]he action or inaction of the parent . . . creates a substantial likelihood that reunification will not occur, including, but not limited to, the parent's . . . failure to visit the child, or the failure of the parent . . . to participate regularly and make substantive progress in a court-ordered treatment plan." (See also *M.C. v. Superior Ct.* (2016) 3 Cal.App.5th 838, 843.) "The court can terminate services only if it finds, by clear and convincing evidence, that reasonable services have been offered and" a condition specified in section 388, subdivision (c)(1) exists. (*M.C.*, at p. 843.)

In reviewing the court's findings made under the clear and convincing evidence standard, the question for this court "is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true. In conducting [our] review, [we] must view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011–1012.)

At the outset, we can briefly reject Mother's contention that insufficient evidence supports the juvenile court's findings that she did not make substantial progress on her case plan and that there was no substantial likelihood of return of Minor to her care. Although Mother participated in some visitation, she failed to even commence therapy by the time of the November 2022 hearing, and there is no evidence she made any progress

5

whatsoever in locating a place where she could live with Minor. The Petition fails to cite any evidence undermining the juvenile court's findings.

Substantial evidence also supports the juvenile court's finding that the Department offered Mother reasonable services. "To support a finding that reasonable services were offered or provided to the parent, 'the record should show that the supervising [Department] identified the problems leading to the loss of custody, offered services designed to remedy those problems, maintained *reasonable* contact with the parents during the course of the service plan, and made *reasonable* efforts to assist the parents in areas where compliance proved difficult....' [Citation.] Reunification services should be tailored to the particular needs of the family. [Citation.] [¶] 'The standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances.' [Citation.] The 'adequacy of reunification plans and the reasonableness of the [Department's] efforts are judged according to the circumstances of each case.' " (*In re A.G.* (2017) 12 Cal.App.5th 994, 1001.)

Mother argues the services offered were not reasonable because the Department did not accommodate her special needs. She relies on the decision in *Tracy J. v. Superior Court* (2012) 202 Cal.App.4th 1415 (*Tracy J.*), where the court of appeal held reasonable services had not been provided to developmentally disabled parents. The court there stated, "A developmentally or physically disabled parent is entitled to services that are responsive to the family's special needs in view of the parent's particular disabilities." (*Id.* at pp. 1427–1428.) In the present case, Mother suggests the Department failed to amend Mother's case plan and make additional referrals after the social worker received a list of mental health diagnoses from Mother's convalescent facility. Mother also suggests the Department

6

should have offered more assistance in finding a convalescent facility in Southern California that would accept both Mother and Minor.

We reject Mother's claim. The record shows that Mother's failure to make substantive progress in her plan was not due to a lack of services provided by the Department. Mother argues the Department should have provided her more services related to her mental health issues. However, the record shows she did not disclose those conditions to the Department and, instead, said she was "mentally all there." When the Department's social worker finally did uncover the information, after a long process of attempting to locate a contact person at the convalescent facility and to obtain information releases, the social worker learned Mother was receiving medication and monitoring for her conditions.[2] The juvenile court, based on its own observations, rejected the suggestion that Mother's lack of progress and participation in services was the result of confusion or cognitive limitations. (See *In re Misako R.* (1991) 2 Cal.App.4th 538, 546 ["the record here, when viewed in the light most favorable to the respondent, indicates everyone was not aware [the mother] had mental limitations"].) Moreover, Mother does not explain what additional services the Department could have offered with regard to her mental health. When the Department did attempt to help Mother start therapy, Mother failed to follow through and had not engaged in any therapy by the time of the November 30, 2022 hearing. The present case is distinguishable from *Tracy J., supra*, 202 Cal.App.4th 1415,

---

[2] Mother argues, "If the social worker truly relied on the convalescent home to provide Mother with services necessarily to reunify with [Minor], then that would be an unlawful delegation of power." But that is not what occurred in the present case. Instead, the record showed that Mother's mental health needs other than therapy were already being addressed, so they were not an obstacle to reunification that could be addressed with additional services.

where the parents complied with their case plan but were offered inadequate visitation and recommended ongoing psychological evaluations were not provided. (*Id*. at pp. 1427–1428.) Mother has not shown the Department failed to provide reasonable services related to Mother's mental health.

Mother also argues the Department failed to provide reasonable services because they failed to assist her in moving to a convalescent facility in Southern California where she could reside with Minor. However, Mother repeatedly told the Department's social worker that her plan was to move to Northern California and that her adult son and stepdaughter were helping her find housing. The Department cannot be faulted for failing to assist Mother in pursuing a plan contrary to her stated desires. Mother also asserts additional services should have been provided to address her "physical limitations," but she fails to identify any services the Department could have provided that were not already being provided by her convalescent facility.

Contrary to Mother's assertions on appeal, the Department and juvenile court did not conclude continued services were inappropriate because Mother's limitations made reunification unlikely. Instead, reunification was unlikely due to Mother's limitations *and* her failure to take advantage of services and make progress on her case plan. The juvenile court's findings are supported by substantial evidence and the court did not abuse its discretion in terminating reunification services and setting a section 366.26 permanency planning hearing.

## DISPOSITION

The writ petition is denied on the merits. The request for a stay is also denied. Because the section 366.26 hearing is set for March 28, 2023, our decision is final as to this court immediately. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(2)(A).)

8

_____
SIMONS, J.

We concur.


_____
JACKSON, P. J.


_____
BURNS, J.


(A166723)